## No. 8371.

### L. E. AND E. F. HERWIG VS. THEIR CREDITORS.

Even though the meeting of creditors convened to vote on a respite has been formally closed by the Notary after having been adjourned from day to day, each day receiving votes, yet if other creditors present themselves on the next succeeding day, before the *proces verbal* has been returned to court and within the ten days from the opening, their vote should be received.

In ascertaining what is a majority of creditors in number and amount, those alone who appeared at the meeting. proved their claims, and voted are to be reckoned. None other. whether on the *bilan* or not, are to be taken into account.

APPEAL from the Civil District Court for the Parish of Orleans Monroe, J.

---

*Charles Louque,* for the Appellant.

*Jas. B. Guthrie* and *J. Q. A. Fellowes, contra.*

State vs. Bayonne.

The opinion of the Court was delivered by

MANNING, J. This is an appeal from a judgment refusing a respite and decreeing a *cessio bonorum*.

The meeting of the creditors was held before a Notary on Oct. 15th and was adjourned from day to day, some creditors appearing each day and voting. On the 20th. the Notary appears to have supposed that no one else was coming, and he formally closed the meeting and summed up the result, but on the next day more creditors appeared and voted, and the final result was that of forty-four creditors representing $8,336.77 debts, twenty-seven representing $4,414.81 voted for a respite. The votes of the last-appearing creditors were properly received. They were tendered before the *proces verbal* was returned to court, and the meeting was closed before the tenth day. Rev. Civ. Code, art. 3090.

The lower judge refused the respite, and he was right as the law had been interpreted up to that time, but this court has since adopted the construction that in estimating the majority in numbers and amount of creditors, those alone are to be reckoned who have appeared at the meeting, proved their claims and voted. Anderson v. Creditors, 33 Ann. 1155.

The number of creditors voting was not a majority of those placed on the schedule, nor did they represent more than half of the amount of debts, but those creditors who did not attend and vote are not to be counted in ascertaining what is a majority either in numbers or amount.

It is therefore ordered and decreed that the judgment of the [lower court is reversed, and the proceedings of the creditors' meeting are homologated, and a respite is granted the petitioners as prayed for, the appellees to pay costs.